# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DEBBIE LOWERS,

        Plaintiff,

    v.

FRANK BISIGNANO,
Commissioner of Social Security,[1]

        Defendant.

_____/

Case No. 1:23-cv-01612-SKO

ORDER ON PLAINTIFF'S SOCIAL
SECURITY COMPLAINT

(Doc. 1)

## I.    INTRODUCTION

Plaintiff Debbie Lowers ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying her application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act (the "Act"), 42 U.S.C. § 1383(c).  (Doc. 1.)  The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Sheila K. Oberto, United States Magistrate Judge.[2]

## II.    BACKGROUND

Plaintiff filed her SSI application on January 12, 2021, alleging disability beginning May 1, 2019, due to "dead muscles in legs (dead leg)."  (Administrative Record ("AR") 20, 68, 85, 206–12.)  Plaintiff was born in 1975, has a high school education, and previously worked as a security

---

[1] On May 6, 2025, Frank Bisignano was appointed the Commissioner of the Social Security Administration.  *See* https://www.ssa.gov/news/press/releases/2025/#2025-05-07.  He is therefore substituted as the defendant in this action.  *See* 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

[2] The parties consented to the jurisdiction of a U.S. Magistrate Judge.  (*See* Doc. 10.)  On April 13, 2026, this case was reassigned to the undersigned.  (*See* Doc. 17.)

guard.  (AR 27, 67, 84, 233, 244.)

**A.    Relevant Medical Evidence[3]**

Steven Stolz, M.D., an internal medicine physician, conducted a consultative examination of Plaintiff in April 2021.  (AR 753–58.)  Following the examination, Dr. Stolz found that Plaintiff had the following limitations:

Maximum standing and walking capacity: 2 hours in an 8 hour workday.

Maximum sitting capacity: No restrictions.

Assistive devices: [Plaintiff] seems to prefer the use of crutches though it is my opinion that she could probably get by with a regular cane or quad cane for ambulation.

Maximum lifting and carrying capacity: [Plaintiff] can lift occasional 10 pounds but would have quite some difficulty carrying any objects due to her ongoing left hip issues and gait difficulties.

Postural activities: [Plaintiff] could do occasional stooping, bending and the like.

Manipulative activities: No restrictions.

Visual, communicative, and workplace environmental activities: I would limit this individual from climbing any stairs, ramps, ladders, scaffolding, working at unprotected heights or operating any machinery that requires left foot / pedal controls.

(AR 757.)

**B.    Administrative Proceedings**

The Commissioner denied Plaintiff's application for benefits initially on May 6, 2021, and again on reconsideration on July 20, 2021.  (AR 106–109, 113–17.)  Consequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  (AR 118–36.)  The ALJ conducted a hearing on September 19, 2022.  (AR 84–111.).  Plaintiff appeared telephonically at the hearing with her counsel and testified.  (AR 41–57.)  A vocational expert ("VE") also testified.  (AR 58–63.)

**C.    The ALJ's Decision**

In a decision dated November 1, 2022, the ALJ found that Plaintiff was not disabled, as defined by the Act.  (AR 20–29.)  The ALJ conducted the five-step disability analysis set forth in

---

[3] Because the parties are familiar with the medical evidence, it is summarized here only to the extent relevant to the contested issues.

20 C.F.R. § 416.920. (AR 22–29.) The ALJ determined that Plaintiff had not engaged in substantial gainful activity since January 12, 2021, the application date (step one). (AR 22.) At step two, the ALJ found the following impairments severe: morbid obesity and osteoarthritis. (AR 22–23.) Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings") (step three). (AR 23.)

The ALJ then assessed Plaintiff's residual functional capacity (RFC)4 and applied the RFC assessment at steps four and five. See 20 C.F.R. § 416.920(a)(4) ("Before we go from step three to step four, we assess your residual functional capacity . . . . We use this residual functional capacity assessment at both step four and step five when we evaluate your claim at these steps."). The ALJ determined that Plaintiff had the RFC:

> to perform sedentary work as defined in 20 CFR [§] 416.967(a) but with the following exceptions: claimant may never operate foot controls with the left lower extremity. [Plaintiff] may occasionally climb ramps and/or stairs, but never ladders, ropes, or scaffolds. [Plaintiff] may occasionally balance, stoop, kneel or crouch. [Plaintiff] may never crawl. [Plaintiff] should avoid all exposure to hazards such as dangerous moving machinery or unprotected heights. [Plaintiff] requires the assistance of a cane to be held by one of the upper extremities to stand and/or walk.

(AR 23–27.) Although the ALJ recognized that Plaintiff's impairments "could reasonably be expected to cause the alleged symptoms[,]" the ALJ rejected Plaintiff's subjective testimony as "not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." (AR 24.)

The ALJ determined that Plaintiff could not perform her past relevant work (step four) but, given her RFC, she could perform a significant number of jobs in the national economy (step five). (AR 27–28.) In making this determination, the ALJ posed a series of hypothetical questions to the

---

4 RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis of 8 hours per day, for 5 days per week, or an equivalent work schedule. TITLES II & XVI: ASSESSING RESIDUAL FUNCTIONAL CAPACITY IN INITIAL CLAIMS, Social Security Ruling ("SSR") 96-8P (S.S.A. July 2, 1996). The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments. *Id*. "In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record including, inter alia, medical records, lay evidence, and 'the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

VE. (AR 61–63.) The VE testified that a person with the RFC specified above could perform the jobs of document preparer, telephone solicitor, and table worker. (AR 62.) The ALJ ultimately concluded Plaintiff was not disabled since January 12, 2021, the date the application was filed. (AR 28–29.)

Plaintiff sought review of this decision before the Appeals Council, which denied review on September 14, 2023. (AR 1–6.) Therefore, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. § 416.1481.

### III.    LEGAL STANDARD

**A.    Applicable Law**

An individual is considered "disabled" for purposes of disability benefits if they are unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). However, "[a]n individual shall be determined to be under a disability only if [their] physical or mental impairment or impairments are of such severity that [they are] not only unable to do [their] previous work but cannot, considering [their] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* at § 423(d)(2)(A).

"The Social Security Regulations set out a five-step sequential process for determining whether a claimant is disabled within the meaning of the Social Security Act." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 20 C.F.R. § 404.1520); *see also* 20 C.F.R. § 416.920. The Ninth Circuit has provided the following description of the sequential evaluation analysis:

> In step one, the ALJ determines whether a claimant is currently engaged in substantial gainful activity. If so, the claimant is not disabled. If not, the ALJ proceeds to step two and evaluates whether the claimant has a medically severe impairment or combination of impairments. If not, the claimant is not disabled. If so, the ALJ proceeds to step three and considers whether the impairment or combination of impairments meets or equals a listed impairment under 20 C.F.R. pt. 404, subpt. P, [a]pp. 1. If so, the claimant is automatically presumed disabled. If not, the ALJ proceeds to step four and assesses whether the claimant is capable of performing [their] past relevant work. If so, the claimant is not disabled. If not, the ALJ proceeds to step five and examines whether the claimant has the [RFC] . . . to perform any other substantial gainful activity in the national economy. If so, the claimant is not disabled. If not, the claimant is disabled.

*Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005); *see, e.g.*, 20 C.F.R. § 416.920(a)(4) (providing the "five-step sequential evaluation process" for SSI claimants).  "If a claimant is found to be 'disabled' or 'not disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098 (citing 20 C.F.R. § 404.1520); 20 C.F.R. § 416.920.

"The claimant carries the initial burden of proving a disability in steps one through four of the analysis."  *Burch*, 400 F.3d at 679 (citing *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989)).  "However, if a claimant establishes an inability to continue [their] past work, the burden shifts to the Commissioner in step five to show that the claimant can perform other substantial gainful work."  *Id*. (citing *Swenson*, 876 F.2d at 687).

**B.    Scope of Review**

"This court may set aside the Commissioner's denial of [social security] benefits [only] when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole."  *Tackett*, 180 F.3d at 1097 (citation omitted).  "Substantial evidence . . . is 'more than a mere scintilla,'" and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). *See also Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).

"This is a highly deferential standard of review . . . ."  *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).  "The ALJ's findings will be upheld if supported by inferences reasonably drawn from the record."  *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted).  Additionally, "[t]he court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation."  *Id*.; *see, e.g.*, *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) ("If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner." (citations omitted)).

Nonetheless, "the Commissioner's decision 'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'"  *Tackett*, 180 F.3d at 1098 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)).  "Rather, a court must 'consider the record as a whole,

weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" *Id.* (quoting *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993)).

Finally, courts "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006)). "An error is harmless only if it is 'inconsequential to the ultimate nondisability determination.'" *Lambert v. Saul*, 980 F.3d 1266, 1278 (9th Cir. 2020) (quoting *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015)). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (citations omitted).

**IV.    DISCUSSION**

Plaintiff contends that the ALJ erred, *inter alia*, in failing to address or incorporate into the RFC the limitation on carrying opined by consultative examiner Dr. Stoltz, despite having found his opinion persuasive. (Doc. 12 at 13–17; Doc. 16 at 3–4.) The Court agrees.

**A.    The ALJ's RFC Assessment Did Not Properly Account for the Carrying Limitation Opined by Dr. Stolz**

**1.    Legal Standard**

Before proceeding to step four, the ALJ must first determine the claimant's RFC. *Nowden v. Berryhill*, No. EDCV 17-00584-JEM, 2018 WL 1155971, at *2 (C.D. Cal. Mar. 2, 2018). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. § 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96–8p.

A determination of residual functional capacity is not a medical opinion, but a legal decision that is expressly reserved for the Commissioner. *See* 20 C.F.R. §§ 416.927(d)(2) (RFC is not a medical opinion), 416.1546(c) (identifying the ALJ as responsible for determining RFC). "[I]t is the responsibility of the ALJ, not the claimant's physician, to determine residual functional capacity." *Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001). In doing so, the ALJ must determine credibility, resolve conflicts in medical testimony and resolve evidentiary ambiguities.

*Andrews*, 53 F.3d at 1039–40.

"In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record such as medical records, lay evidence and the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006). *See also* 20 C.F.R. § 416.945(a)(3) (residual functional capacity determined based on all relevant medical and other evidence). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting evidence, stating [their] interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (quoting *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986)).

### 2.   Analysis

As set forth above, and as pertinent here, consultative examiner Dr. Stolz opined that Plaintiff "can lift occasional 10 pounds but would have quite some difficulty carrying any objects due to her ongoing left hip issues and gait difficulties." (AR 757.) The ALJ summarized this portion of Dr. Stolz's opinion as Plaintiff could "occasionally lift 10 pounds but not carry." (AR 26.) The ALJ went on to find Dr. Stoltz's opinion persuasive, explaining that it was "consistent with the longitudinal record" and "supported by his own examination findings" of Plaintiff.[5] (AR 26.) However, in their RFC evaluation, the ALJ did not incorporate the opined limitation that Plaintiff can "not carry." Instead, the ALJ found that Plaintiff could perform "sedentary work," which "involves . . . occasionally . . . carrying articles like docket files, ledgers, and small tools." 20 C.F.R. § 416.967(a). The ALJ did not explain the departure.

This unexplained departure was legal error. Where an ALJ gives great or substantial weight to a medical opinion, they must "either (1) to include that limitation in [the plaintiff's] Residual Functional Capacity (RFC), or (2) to explain why [they] did not." *Flores v. Berryhill*, 725 F. App'x 575, 576 (9th Cir. 2018) (citing *Robbins*, 466 F.3d at 883). *See also Sahyoun v. Saul*, No. 2:18-CV-576-EFB, 2020 WL 1492661, at *3 (E.D. Cal. Mar. 27, 2020) ("Where an ALJ accords substantial or great weight to a physician's opinion, he must either incorporate their findings into the RFC or

---

[5] Under the regulations regarding the evaluation of medical evidence, the ALJ must evaluate the "persuasiveness" of a medical opinion by considering the following factors: supportability, consistency, treatment relationship, specialization, and "other factors." 20 C.F.R. § 416.920c(a), (b), (c)(1)–(5).

offer an explanation for why he chose not to accept them."); *Harrell v. Kijakazi*, No. 1:20-cv-00614-GSA, 2021 WL 4429416, at *4 (E.D. Cal. Sept. 27, 2021) ("The ALJ was under no obligation to accept a medical opinion he found unsupported by the record. But, having clearly stated that he was according [the physician]'s opinion great weight, the ALJ was under an obligation to account for the moderate limitations [the physician] identified irrespective of the broader reasoning in support of the RFC."). Neither step was taken here with respect to Dr. Stolz's opined limitation that Plaintiff could "not carry." Instead, the ALJ found the entire opinion persuasive. This was insufficient to sustain the RFC evaluation. *See Martin v. Comm'r of Soc. Sec. Admin.*, 472 F. App'x 580 (9th Cir. 2012) ("The administrative law judge (ALJ) erred when formulating Martin's residual functional capacity (RFC) because the RFC neither incorporated Dr. Steiner's opinion of Martin's work limitations nor gave specific and legitimate reasons for rejecting it."); *Bain v. Astrue*, 319 F. App'x 543, 545–46 (9th Cir. 2009) (holding ALJ erred in not including consultative examining psychologist's moderate limitations in the RFC, despite specifically crediting these limitations in the opinion); *see also* SSR 96-8p ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.").

The Commissioner's arguments to the contrary are not persuasive. The Commissioner asserts that Dr. Stolz did not opine that Plaintiff "was not able to carry any objects," as Plaintiff contends. Rather, according to the Commissioner, Dr. Stolz stated that she "would have quite some difficulty carrying any objects." (Doc. 15 at 10 (quoting AR 757).) But the Commissioner's reliance on the exact wording used by Dr. Stolz is misplaced, as the ALJ summarized the opined limitation as one in which Plaintiff can "not carry." (AR 26 (emphasis added).) A reasonable interpretation of this phrase is, as Plaintiff posits, that she is precluded from carrying any objects.[6]

The Commissioner further argues that Plaintiff has not shown she cannot do the jobs identified by the VE because one of them, telephone solicitor, "does not suggest any carrying."

---

[6] The Court observes that there may be other, reasonable interpretations. Such underscores the propriety of remand in this case. *See Rodriguez v. Astrue*, No. 1:09-cv-1912-GSA, 2011 WL 1103119, at *9 (E.D. Cal. Mar. 22, 2011) ("[R]emand for further proceedings is proper due to the ambiguity of the ALJ's decision. . . ."); *Gonzalez v. Astrue*, No. CV 08-6957-CT, 2009 WL 577279, at *3 (C.D. Cal. Mar. 5, 2009) ("[R]emand is necessary for the ALJ to clarify the ambiguity within his opinion. . . ."); *see also Gonzalez v. Sullivan*, 914 F.2d 1197, 1201 (9th Cir. 1990) ("[W]e are wary of speculating about the basis of the ALJ's conclusion. . . .").

8

(Doc. 15 at 10.)   The fact remains, however, that all of the representative occupations the VE identified are at the sedentary level of exertion, which involves at least *some* carrying.  *See* 20 C.F.R. § 416.967(a).  Thus, the RFC assessment was erroneous.

The error was not harmless.  In this context, the error would be harmless if the carrying limitation found by Dr. Stolz would not have prevented Plaintiff from performing the occupations that the ALJ identified as suitable at steps four or five.  *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008) (holding that an ALJ's erroneous omission of postural limitations from the RFC was harmless error where the ALJ identified jobs that would accommodate those limitations).  Here, the ALJ found at step five that Plaintiff could perform representative occupations at the sedentary exertional level such as telephone solicitor, table worker, and document preparer.  (AR 28.)   But this sedentary work, which involves some carrying, cannot be reconciled with the limitation that Plaintiff can "not carry."  Because the findings of Dr. Stolz call into question whether Plaintiff could perform the representative occupations, the unexplained departure from the findings is not inconsequential to the nondisability determination.  *See Little v. Berryhill*, 708 F. App'x 468, 470 (9th Cir. 2018) (holding that an ALJ's error in assigning a medical opinion "great weight" but then failing to incorporate it in the RFC was not harmless where the jobs identified as suitable for the claimant required more abilities than those assessed by the medical opinion).  In sum, reversal is warranted.

**B.    Remand for Further Proceedings is Appropriate**

When an ALJ commits error that is not harmless, "[t]he decision whether to remand for further proceedings or simply to award benefits is within the discretion of [the] court."  *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989) (citing *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987)).  Because further administrative review could remedy the ALJ's error, remand for further administrative proceedings, rather than an award of benefits, is warranted here.[7]  *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (remanding for an award of benefits is appropriate in rare circumstances).  *See also Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981) ("If additional proceedings can remedy defects in the original administrative proceeding, a social security case

---

[7] Plaintiff concedes the error identified above can be remedied with further proceedings.  (*See* Doc. 12 at 17.)

should be remanded."); *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004) ("Remand for further administrative proceedings is appropriate if enhancement of the record would be useful.").

On remand, the ALJ shall reconsider the opinion of Dr. Stolz regarding Plaintiff's ability to carry, as well as <u>all</u> of the other medical opinion evidence. *See* 20 C.F.R. § 416.913(a)(2) (defining "medical opinion" evidence). The ALJ shall then reassess Plaintiff's RFC and proceed through steps four and five to determine what work, if any, Plaintiff can perform.

**C.      The Court Declines to Determine Plaintiff's Remaining Assertions of Error**

Having found that remand for further proceedings is warranted, the Court declines to address Plaintiff's additional allegations of error. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."); *see also Newton v. Colvin*, No. 2:13–cv–2458–GEB–EFB, 2015 WL 1136477, at *6 n.4 (E.D. Cal. Mar. 12, 2015) ("As the matter must be remanded for further consideration of the medical evidence, the court declines to address plaintiff's remaining arguments."); *Augustine ex rel. Ramirez v. Astrue*, 536 F. Supp. 2d 1147, 1153 n.7 (C.D. Cal. 2008) ("[The] Court need not address the other claims plaintiff raises, none of which would provide plaintiff with any further relief than granted, and all of which can be addressed on remand.").

**V.      CONCLUSION AND ORDER**

Based on the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence and is, therefore, VACATED and the case REMANDED to the ALJ for further proceedings consistent with this Order. The Clerk of this Court is DIRECTED to enter judgment in favor of Plaintiff Debbie Lowers and against Defendant Frank Bisignano, Commissioner of Social Security.

IT IS SO ORDERED.

Dated:   **May 19, 2026**                          /s/ *Sheila K. Oberto*
                                                          UNITED STATES MAGISTRATE JUDGE